

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00302-CR

---

STEVEN CHARLES POWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B-5075-24-12, Honorable Kregg Hukill, Presiding

---

July 30, 2026

## ORDER OF ABATEMENT AND REMAND

Before DOSS and YARBROUGH and PRATT, JJ.

Pursuant to a plea bargain agreement, Appellant, Steven Charles Powell, was convicted of failure to comply with the sex offender registration requirements[1] and sentenced to five years of confinement, suspended in favor of five years of community supervision. The State subsequently filed a motion to revoke Appellant's community supervision, to which Appellant pleaded true. The trial court revoked Appellant's

---

[1] *See* TEX. CODE CRIM. PROC. art. 62.102(b)(2).

community supervision and assessed punishment at five years of confinement. Appellant now appeals from the judgment revoking his community supervision.

The trial court's certification of Appellant's right of appeal from the revocation proceedings reflects that this is a plea bargain case with no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The record, however, contains neither a written plea bargain agreement applicable to the revocation proceedings nor a waiver of Appellant's right to appeal the revocation, and the judgment does not indicate that the revocation was based on a plea bargain agreement. *See Wilkerson v. State*, 264 S.W.3d 102, 103 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("Rule 25.2(a)(2) refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions.").

Because the certification appears defective, we abate the appeal and remand the cause to the trial court to prepare an amended certification of Appellant's right of appeal consistent with the record. *See* TEX. R. APP. P. 25.2(f); *Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005) (requiring an appellate court to determine whether the trial court's certification comports to the record). The trial court shall utilize reasonable means to secure Appellant's signature on the amended certification. *See* TEX. R. APP. P. 25.2(d). The amended certification shall be included in a supplemental clerk's record filed with this Court by September 14, 2026.

It is so ordered.

Per Curiam

Do not publish.

2